George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300

Attorneys for George Hofmann,
Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| In re | Jointly Administered and Substantively Consolidated under |
|---|---|
| DELVE INTERNATIONAL, INC., and DELVE EQUIPMENT, LLC, | Case No. 22-21025 (RKM) |
| Debtors. | Chapter 7 |

## MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY

George Hofmann, in his capacity as the duly appointed trustee (the "Trustee") of the substantively consolidated chapter 7 bankruptcy estates (collectively, the "Estate") of Delve Equipment, LLC ("DEL") and Delve International, Inc. ("DII," and together with DEL, the "Debtor"), through his undersigned counsel, moves this Court for an Order approving a sale of the Estate's interests in certain tangible, intangible, and intellectual property identified the Sale Agreement, attached hereto as <u>Exhibit A</u>. A copy of the Trustee's proposed Order is attached hereto as <u>Exhibit B</u>. The Trustee reserves the right to modify the proposed Order to the extent necessary to resolve informal, formal,

{00554945.DOCX / 3}                                    1

or potential objections to the Motion. In support of this Motion, the Trustee respectfully represents as follows:

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On March 25, 2022, the Petitioning Creditors[1] filed an involuntary chapter 7 bankruptcy petition against DII, thereby commencing bankruptcy case No. 22-21025, styled: *In re Delve International, Inc.* (the "DII Case").

3. On May 26, 2022, the Court entered an Order for Relief in the DII Case (the "Relief Date").

4. On June 2, 2022, DEL filed a voluntary chapter 7 petition thereby commencing the bankruptcy case No. 22-22077, styled: *In re Delve Equipment, LLC* (the "DEL Case").

5. The Trustee has been appointed as the chapter 7 trustee in both the DII Case and the DEL Case.

6. Prior to the Petition Date, the Trustee understands that the Debtor designed and manufactured amphibious vehicles, sometimes known as "MudTraxx" or "LiteTrax".

7. On information and belief, DFC Diesel (the "Buyer") was a former customer of the Debtor, whose order was unfulfilled by the Debtor as of the Relief Date.

8. The Buyer desires to purchase the Estate's interest in the following:

---

[1] The "Petitioning Creditors" are, collectively: (i) David Clark Sole Proprietor Profit Sharing Plan; (ii) David W. Reeves Profit Sharing Plan; and (iii) Brent Clyde.

A) Digital copies of all plans, drawings, schematics, diagrams, blueprints, CAD renderings, designs, sketches, notes, technical information, parts lists, and vendor lists, contained on the Debtor's computers or servers, wherever located, related in any way to the production or manufacture of any of the products or vehicles manufactured by the Debtors, including but not limited to "Commercial MudTrax" (the "Vehicles").  The property identified in this Paragraph A shall be referred to, collectively, as the "Plans".

B) The Debtors' rights under any executory contracts or licensing agreements for software used by the Debtors in the inventory, purchasing, design, or manufacture of products and Vehicles, including but not limited to the "DBA Manufacturing" software, and the Debtors' rights to intellectual property owned by the Debtors, including but not limited to all patents, except insofar as a license to intellectual property is made unnecessary by Buyer's assumption thereof (collectively, the "Software and I.P.").

C) All of the Debtors' foreign and domestic patents, including without limitation U.S. Patent Nos. 10,035,551 and 10,392,059 (collectively, the "Patents").

9. The Plans, the Software and I.P., and the Patents, shall be referred to, collectively, as the "Assets."

10. The Trustee has agreed to sell the Estate's interests in the Assets on the terms set forth in the Sale Agreement.

11. The Trustee has dealt with the Buyer at arms-length and negotiated what he believes to be a reasonable and fair price for the sale of the Assets. The Trustee believes that the Buyer has no connection to the Estate, except as set forth above. The Trustee believes that the Buyer is a purchaser in "good faith," as contemplated by 11 U.S.C. § 363(m).

## **RELIEF REQUESTED**

12. By this Motion, the Trustee respectfully requests that the Court approve the letter *Sale Agreement* (the "Sale Agreement"), attached hereto as Exhibit A, and the assignment and transfer of Assets contemplated by the Sale Agreement.

## DESCRIPTION OF THE SALE AGREEMENT

13. The Sale Agreement is summarized in this Motion, but to the extent of any inconsistency between this summary and the Sale Agreement, the Sale Agreement itself controls. Accordingly, creditors and parties-in-interest are directed to the Sale Agreement itself for its complete terms.

14. Under the Sale Agreement, the Trustee has agreed to assign to the Buyer all of the Debtor's and the Estate's right, title, and interest in and to the Assets. Specifically, the Buyer has offered to purchase from the Trustee the Estate's interests, if any, in (a) the Plans, in exchange for cash consideration of $500; (b) the Software and I.P, in exchange for cash consideration of $250; and (c) the Patents, in exchange for cash consideration of $5,000.00.

15. The Trustee's transfer of the Assets is on an "as is, where is, if is" basis, without representations or warranties of any kind. To the extent that the Assets include legally valid and binding obligations of the Debtor that have not otherwise been discharged in connection with the Debtor's bankruptcy case and that are required for the Buyer to legally own and/or operate the Assets, such liabilities shall be assumed by the Buyer.

16. The Buyer has indicated to the Trustee that time is of the essence for completing the Sale Agreement. Accordingly, consistent with the Sale Agreement, the Trustee requests a waiver of the 14-day stay otherwise applicable under Bankruptcy Rule 6004(h).

17. In exchange for the Trustee's transfer of the Assets, the Buyer has agreed to pay to the Trustee the cash consideration described above (on an Asset-by-Asset

basis). The sale shall be subject to higher and better offers. That means that if another buyer is willing to purchase the Plans, the Software and I.P., or the Patents, for an amount more than the amounts the Buyer agrees to pay for those Assets (or any one of them), and such third party makes an offer before entry of the Sale Order, then the Trustee may accept that higher and better offer, subject to the Buyer's opportunity to make another higher and better offer.

## DISCUSSION

**I.    The Proposed Transfer of the Assets Is Appropriate Under Bankruptcy Code § 363**

Bankruptcy Code § 363 provides that the Trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  Bankruptcy Code § 363(b).  Bankruptcy courts typically defer to a trustee's and debtor's business judgment regarding the sale of estate assets, unless such decision is arbitrary and capricious. See In re Curlew Valley Assocs., 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a trustee's or debtor's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." Id. at 513-14 (footnotes omitted).

The Trustee has sound business reasons for the proposed transfer of the Assets. Namely, Buyer's offer is the only offer the Trustee received for the Assets.  The Trustee believes that the Assets have minimal value to anyone but the Buyer, which already holds some level of interest in the Assets, in that the Buyer anticipated owning a completed "MudTraxx" vehicle but for the Debtor's financial woes. Additionally, the Trustee understands that the Buyer is a diesel engine rebuilder, and as such,

presumably has the necessary shop, tools, and other resources to make use of the Assets. Without this proposed sale, the Estate likely would receive absolutely nothing for the Debtor's interests in the Assets. Moreover, because the sale of the Assets is subject to higher and better offers, other interested parties may bid on the Assets (or any one of them).

## CONCLUSION

**WHEREFORE,** the Trustee moves this Court to enter an Order granting the Motion in its entirety; approving the proposed sale of the Assets as outlined above; finding that all objections, if any, to this Motion are overruled; finding that the sale is in compliance with applicable bankruptcy law; finding that the Buyer is a "good faith purchaser" including for purposes of 11 U.S.C. § 363(m); authorizing the Trustee, the Buyer, and the Debtors to execute the documents necessary to effectuate the transactions contemplated by this Motion, including without limitation such assignment documents as may be required; and granting such additional relief as the Court deems appropriate.

Dated: November 15, 2022

                                                                                        COHNE KINGHORN, PC

                                                                                        /s/ Jeffrey Trousdale
                                                                                        GEORGE B. HOFMANN
                                                                                        JEFFREY TROUSDALE
                                                                                        Attorneys for Trustee

# EXHIBIT "A"

{00554945.DOCX / 3}



Ray M. Beck
Matthew M. Boley
John S. Bradley
J. Scott Brown
Jeremy R. Cook
Kimberley L. Hansen
Stephen T. Hester
George B. Hofmann
Langdon T. Owen

COUNSELORS AT LAW

111 EAST BROADWAY, 11th FLOOR
SALT LAKE CITY, UTAH 84111
(801) 363-4300
(801) 363-4378 FAX

Lisa R. Petersen
Bradley M. Strassberg
Daniel J. Torkelson
Jeffrey L. Trousdale
Elizabeth L. Willey

Of counsel:
Paul T. Moxley
Jeffrey L. Silvestrini
Leslie Van Frank

November 2, 2022

**VIA EMAIL**

DFC Diesel
c/o David Pinkston
Snow Christensen & Martineau
10 Exchange Place, 11th Floor
Salt Lake City, UT 84111

Email: dlp@scmlaw.com

    Re:    **In re Delve International, Inc. and Delve Equipment, LLC
United States Bankruptcy Court for the District of Utah
Consolidated Under Bankruptcy Case No. 22-21025**

Dear David:

    As you know, I am the Chapter 7 Trustee of Delve International, Inc. and Delve Equipment, LLC (collectively, the "Debtors"). The Debtors' substantively consolidated estates (collectively, the "Estate") may include interests in the following tangible, intangible, and intellectual property:

1. Digital copies of all plans, drawings, schematics, diagrams, blueprints, CAD renderings, designs, sketches, notes, technical information, parts lists, and vendor lists, contained on the Debtor's computers or servers, wherever located, related in any way to the production or manufacture of any of the products or vehicles manufactured by the Debtors, including but not limited to "Commercial MudTrax" (the "Vehicles"). The property identified in this Paragraph 1 shall be referred to, collectively, as the "Plans".

2. The Debtors' rights under any executory contracts or licensing agreements for software used by the Debtors in the inventory, purchasing, design, or manufacture of products and Vehicles, including but not limited to the "DBA Manufacturing" software, and the Debtors' rights to intellectual property owned by the Debtors, including but not limited to all patents, except insofar as a license to

{00637755.DOC / 4}
22544967.3

Delve International, Inc.
Delve Equipment, LLC
November 2, 2022
Page 2

    intellectual property is made unnecessary by Buyer's assumption thereof (collectively, the "Software and I.P.").

3. All of the Debtors' foreign and domestic patents, including without limitation U.S. Patent Nos. 10,035,551 and 10,392,059 (collectively, the "Patents").

The Plans, the Software and I.P., and the Patents, shall be referred to, collectively, as the "Assets"

    Your client, DFC Diesel (the "Buyer") has offered to purchase from the Trustee the Estate's interests, if any, in (a) the Plans, in exchange for cash consideration of $500; (b) the Software and I.P, in exchange for cash consideration of $250; and (c) the Patents, in exchange for cash consideration of $5,000.00. All amounts are in United States dollars. The foregoing amounts shall be paid to the Trustee within three business days after entry on the docket of the above-referenced bankruptcy case, a final, non-appealable order approving this agreement (the "Sale Order").

    I hereby accept the Buyer's offer, subject to the following terms and conditions:

1. <u>Subject to Bankruptcy Court Approval</u>. The sale shall be subject to bankruptcy court approval as a transaction outside of the ordinary course of business. I agree to seek that approval promptly. Provided that the Court is willing, the Sale Order shall include a "good faith" finding under Bankruptcy Code § 363(m) and shall waive the 14-day stay under Fed. R. Bankr. P. 6004(h).

2. <u>Subject to Higher and Better Offers</u>. The sale shall be subject to higher and better offers. That means that if another buyer is willing to purchase the Plans, the Software and I.P., or the Patents, for an amount more than the amounts the Buyer agrees to pay for those Assets, and such third party makes an offer before entry of the Sale Order, then I will accept that higher and better offer. Of course, if I receive a higher and better offer from a third party, I will give you an opportunity to submit an even higher offer.

3. <u>Representations or Warranties</u>. The Assets are being sold "as is, where is, if is" in all respects. Neither the Trustee nor any of his agents, attorneys, or representatives have made or makes any warranty or representation whatsoever regarding the Assets, or any other matter in any way related to the Assets, including, but not limited to, title to the Assets, use, value, existence, or any other condition of the Assets. By signing below, you agree that you are not relying on and you hereby specifically waive any claim of liability based on any statement,

{00637755.DOC / 4}

Delve International, Inc.
Delve Equipment, LLC
November 2, 2022
Page 3

representation, warranty, promise, covenant, or undertaking by me or any other person representing or purporting to represent me in connection with the sale of the Assets, except those stated herein. BY SIGNING BELOW, YOU EXPRESSLY DISCLAIM ALL REPRESENTATIONS AND WARRANTIES, EXPRESS, IMPLIED, OR STATUTORY IN CONNECTION WITH THE SALE OF THE ASSETS, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. For the avoidance of doubt, you understand you will be solely responsible to identify and recover any software, patents, digital information, or other intellectual property that may be include in the Assets. To the extent reasonably available to the Trustee, the Trustee shall grant access to Buyer or its agent to the Debtors' computers and servers, including providing any passwords for the same that are known or readily available to the Trustee.

4. <u>Assumption of Certain Liabilities and Costs of Transfer</u>. To the extent that the Assets include legally valid and binding obligations of the Debtor that have not otherwise been discharged in connection with the Debtor's bankruptcy case and that are required for the Buyer to legally own and/or operate the Assets, such liabilities shall be assumed by the Buyer. Additionally, the Buyer agrees to pay all costs related to or arising from the transfer of the Assets from the Estate to you. If any executory contract is assumed by Buyer, then Buyer shall be solely and exclusively responsible for any cure costs and any other charges or expenses, whether now existing or hereafter arising, which are or may become due under such executory contract(s). Notwithstanding anything to the contrary herein, Buyer is not obligated to assume any executory contract of the Debtor, and shall only assume and take over the Estate's interest in any executory contract in an acceptable arrangement is reached between Buyer and the counter-party to such contract.

5. <u>Documentation of Transfer</u>. The Trustee agrees to sign or deliver any documentation, including (without limitation) assignments or acknowledgements, that are required by the United States Patent and Trademark Office, or otherwise reasonably necessary to effect the transfer of the Assets to you, subject to the terms and conditions of this letter.

6. <u>Bankruptcy Court Jurisdiction</u>. The United States Bankruptcy Court for the District of Utah shall retain exclusive jurisdiction to determine any dispute or claim arising out of your offer, this letter, or the consummation of the transactions contemplated by your offer and this letter.

{00637755.DOC / 4}

Delve International, Inc.
Delve Equipment, LLC
November 2, 2022
Page 4

7. Governing Law. Your offer, this letter, and the consummation of the transactions contemplated by your offer and this letter shall be governed by the internal laws of the State of Utah.

8. Deadline for Acceptance; Termination. The proposal contained in this letter will automatically expire unless accepted by you in writing no later than November 4, 2022 at 4:00 p.m. prevailing Utah time.

9. Survival. Paragraphs 3-7 above shall survive the closing of the sale of the Assets.

If the terms of this letter are acceptable, please sign below to accept these terms. I look forward to working with you to consummate this transaction.

Very truly yours,

George Hofmann,
Chapter 7 Trustee

**ACCEPTED AND AGREED:**

**BUYER:**

By: _____
Its: MATTHEW ADAMS

{00637755.DOC / 4}

# EXHIBIT "B"

*Prepared and Submitted by:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300

Attorneys for George Hofmann,
Chapter 7 Trustee

---

### IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>DELVE INTERNATIONAL, INC., and DELVE EQUIPMENT, LLC,<br><br>Debtors. | Jointly Administered and Substantively Consolidated under<br><br>Case No. 22-21025 (RKM)<br><br>Chapter 7 |

### ORDER GRANTING TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF PERSONAL PROPERTY

The Court has considered the *Motion for Order Approving Sale of Personal Property* (the "Motion"), filed by George Hofmann (the "Trustee"), in his capacity as the duly appointed trustee (the "Trustee") of the substantively consolidated chapter 7 bankruptcy estates (collectively, the "Estate") of Delve Equipment, LLC ("DEL") and Delve

International, Inc. ("DII," and together with DEL, the "Debtor").  It appears from the Certificate of Service on file that notice of hearing on the Motion was served on all creditors and parties in interest included on the mailing matrix in this case.  The Court finds that the Trustee, has established good cause to grant the relief sought through the Motion.

Accordingly, it is hereby

FOUND AND DETERMINED AS FOLLOWS:[1]

A.   This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).  Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Bankruptcy Code §§ 102(1) and 363 and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure to (i) the Office of the United States Trustee, and (ii) all parties in interest on the mailing matrix in the above-captioned case.  Such notice was reasonable, sufficient, and appropriate under the circumstances, and no party-in-interest objected to the Motion.  No further notice of the Motion is or shall be required.

C.   The Sale Agreement (as defined in the Motion and attached hereto as Exhibit A) was negotiated, proposed and entered into by the Trustee and DFC Diesel (the "Buyer") in good faith, and from arm's length bargaining positions.  Neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Sale Agreement to be avoided under Bankruptcy Code § 363(n).  The Buyer is a good faith purchaser under Bankruptcy Code § 363(m) and, as such, is entitled to all the protections afforded thereby.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  Fed. R. Bankr. P. 7052.

4891-7335-6094, v. 1

D.    The consideration provided by the Buyer for the Estate's interest in the Assets identified in the Sale Agreement (the "Assets") is: (i) fair and reasonable; (ii) is the highest and/or best offer for the Assets; (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical alternative;; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

E.    The transfer of the Assets to the Buyer will be a legal, valid, and effective transfer of the Assets, and will vest the Buyer with all rights, title and interest of the Debtor and the Estate in the Assets.

F.    The Assets will be sold "as is, where is, if is" in all respects.

NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is granted.

2.    The Sale Agreement, and all of the terms and conditions thereof, is hereby approved.  Pursuant to Bankruptcy Code § 363(b), the Trustee is hereby authorized and directed to consummate the sale contemplated by the Sale Agreement.

3.    The Trustee is authorized and directed to execute and deliver, and is empowered to perform under, consummate and implement, the Sale Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Assets, or as may be necessary or appropriate to the performance of the Sale Agreement.

4. This Court retains jurisdiction to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Assets to the Buyer, (b) compel delivery of the purchase price or performance of other obligations owed to the Trustee, (c) resolve any disputes arising under or related to the Sale Agreement, and (d) interpret, implement, and enforce the provisions of this Order.

5. The transactions contemplated by the Sale Agreement are undertaken by the Buyer in good faith, as that term is used in Bankruptcy Code § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale Agreement shall not affect the validity of the sale to the Buyer, unless such authorization is duly stayed pending such appeal prior to the closing under the Sale Agreement.  The Buyer is a purchaser in good faith of the Assets, and the Buyer is entitled to all of the protections afforded by Bankruptcy Code § 363(m).

6. The terms and provisions of the Sale Agreement and this Order are binding in all respects upon, and shall inure to the benefit of, the Debtor's estate, the Debtor, the Trustee, the Buyer, and their respective affiliates, successors, and assigns.

**--- END OF ORDER ---**

4891-7335-6094, v. 1